**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                             **15-CR-98G**

      **-v-**

**NATHANIEL MYERS,**

          **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Frank P. Geraci, Jr., in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Nathaniel Myers ("the defendant"), along with a number of co-defendants, is charged with having violated Title 21 U.S.C. §§ 846 and 856(a)(1). Dkt. #1. He has filed an omnibus discovery motion wherein he seeks (1) "discovery of any items or information to which [he] is entitled" pursuant to Rule 16(a)(1)(A)(B)(C) & (D) of the Federal Rules of Criminal Procedure; (2) "documents and tangible objects;" (3) "intercepted communications;" (4) evidence relating to the "identification" of the defendant; (5) "disclosure of witnesses identities;" (6) "disclosure of informant's file;" (7) "grand jury transcripts;" (8) a "bill of particulars;" (9) *Brady, Giglio* and *Jencks* materials; (10) "disclosure of evidence pursuant to

Rules 404(b), 608 and 609 of the Federal Rules of Evidence;" and (11) "preservation of rough notes and other evidence."  The defendant also joins in the motions filed by the co-defendants herein.  He also seeks to reserve his right to "ask the court to hold an audibility hearing to determine whether recordings that the government seeks to introduce at trial are audible."  Lastly, he seeks permission "to voir dire government experts outside the presence of the jury."  Dkt. #152.

The government has filed its opposition to the defendant's requests and has made reciprocal requests for discovery pursuant to Rule 16(b) of the Fed. R. Crim. P.  Dkt. #161, ¶ 2.

## **DISCUSSION AND ANALYSIS**

1. **Rule 16 Fed. R. Crim. P. Discovery**

Based on the government's representation that "it [has] provided all material presently within its possession that is within the purview of Rule 16," the defendant's request is denied as being moot.  *See* Dkt. #161, ¶ 2.

2. **Defendant's Demand for "Documents and Tangible Objects"**

Based on the government's representation that it "has made available all tangible objects obtained pursuant to search warrants or otherwise, the defendant's request is denied as moot. *See* Dkt. #161, ¶ 4.

### 3. Defendant's Request Regarding "Intercepted Communications"

The defendant seeks "materials [that] are necessary to challenge the necessity of the wiretaps and whether or not there are any *Franks* issues or fruit of the poisonous tree issues as well as whether or not minimization and sealing requirements were properly followed." Dkt #152, ¶ 28. The government has responded that it has provided the wire interception applications, affidavits, orders filed and intercepted wire communications and draft transcripts of these communications to the defendant. *See* Dkt. #161-1, Exhibits A and B attached thereto. As a result, the defendant's request is denied as being moot.

### 4. Defendant's Request for Evidence Relating to the Identification of the Defendant

The defendant has not established that any form of identification procedure was utilized by the government for purposes of making an "identification" of the defendant. Although the government has not directly responded to this request of the defendant, it is this Court's understanding that no such identification procedure was utilized by the government for purposes of making an identification of the defendant. Therefore, this request of the defendant is denied as being moot.

### 5. Defendant's Request for Disclosure of Witness Identities

The defendant has moved for disclosure of the identity of witnesses who will testify at trial, but has offered no "particularized showing of need" for same. *See United States v. Hennings,* No. 95-CR-0010A, 1997 WL 714250, at *13. Fed.R.Crim. P. 16 does not require such disclosure, and because there has been no showing of need, the motion is denied. *See id.; United States v. Bejasa,* 904 F.2d 137, 139 (2d Cir.), *cert. denied,* 498 U.S. 921 (1990); *United States v. Johnson,* No. 92-CR-39A, 1994 WL 805243 (W.D.N.Y. May 26, 1995), *aff'd,* 108 F.3d 1370 (1997); *United States v. Pastor,* 419 F. Supp. 1318, 1320 (S.D.N.Y. 1975).

### 6. Defendant's Request for Disclosure of Informant's File

The defendant requests that the government be directed to identify all informants on whom the government has relied or will rely in any way in its investigation and/or prosecution of this case and disclosure of information received from informants. However, the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even marginal value to the defendant's case." As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein the Court stated:

The leading Supreme Court case on this question,

*Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that

> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.

353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the

5

> agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is denied.

### 7. Defendant's Request for Production of Grand Jury Transcripts

The defendant has moved, pursuant to Rule 6(e)(3)(C)(I) of the Federal Rules of Criminal Procedure "for the disclosure of transcripts of all testimony before and all exhibits considered by the grand jury that indicted" the defendant. In support of this request, the defendant merely asserts that he "has a particularized need for the

6

transcripts" because the defendant "is the subject of a bare bones Indictment which does not state any particular acts or overt acts that he allegedly committed in the course of the alleged criminal activity. The particularized need justifying disclosure is so that [the defendant] is informed of what evidence actually exists against him, and so he can intelligently make a decision as to his course of action."

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959). The assertion of the defendant as to her "particularized need" is legally insufficient to require disclosure of the grand jury proceedings as requested by her. It is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provision of 18 U.S.C. § 3500.

It is also pointed out that:

[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).

Furthermore,

An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

7

*Costello v. United States*, 350 U.S. 359, 363 (1956).

Therefore, defendant's request for disclosure of the grand jury proceedings is denied.

**8. Defendant's Demand for a Bill of Particulars**

The defendant has moved pursuant to Rule 7(f) of the Fed. R. Crim. P. for a bill of particulars containing a detailed description of the times, places and events as well as alleged participants of the conspiracy alleged in Count 1 of the Indictment.

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charge in Count 1 of the Superseding Indictment, along with the discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crime charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the
> charges of the indictment are so general that they do not
> advise the defendant of the specific acts of which he is
> accused." *United States v. Feola*, 651 F. Supp. 1068, 1132
> (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert.
> denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72
> (1989); *see also United States v. Leonelli*, 428 F. Supp. 880,
> 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars
> rests within the sound discretion of the district court." *United
> States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing
> *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.),
> *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474
> (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition
> of evidentiary detail is not the function of the bill of
> particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th
> Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d
> 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); see also United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004); United States v. Porter, 2007 WL 4103679 (2d Cir. 2007).

### 9. Defendant's Request for Production of *Brady, Giglio* and *Jencks* Materials

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

The government has acknowledged its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa* at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Coppa* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**10. Defendant's Request for Disclosure of Evidence Pursuant to Rules 404(b), 608 and 609 of the F.R.E.**

The government has stated that "it intends to use the criminal history of the defendant to the extent permitted by Rule 609 of the F.R.E. to impeach the defendant should he testify at trial" and that it "intends to use evidence of defendant's prior involvement in the distribution of controlled substances including his prior conviction, as evidence pursuant to Rule 404(b)." The government further advises that the defendant "will be notified of such intention and the particulars of such information at such time as the government files its pretrial memorandum with the District Court."

Rule 404(b) F.R.E. only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added). This has been done, and as a result, defendant's request on this issue is DENIED as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b), 608 and 609 FRE is best left to the determination of the trial judge at the time of trial.

Rule 608 F.R.E. does not contain a required pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make

any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore, defendant's request in this regard is denied.

### 11. Defendant's Request for Preservation of Rough Notes and Other Evidence

The defendant seeks to have all evidence "relating in any way to this indictment" preserved. This is an overly broad request for which there is no legal support. However, in the body of this particular request, it appears that the defendant is attempting to have all potential Rule 16 and *Jencks* materials preserved. The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980);

*United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

Although counsel for the government has stated that "the government declines to provide statements and the identities of all persons interviewed and not intended to be called by the government as outside the requirement of Title 18 United States Code, Section 3500 and Rule 16 of the Federal Rules of Criminal Procedure" and asserts "regarding rough notes, no such basis exists at this time for providing the requested materials, if they exist, [but] the government will endeavor to maintain such materials, if they exist,the government is hereby DIRECTED to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* and Rule 16, Fed.R.Crim.P. material in this case.

12. **Defendant's Request to Join in Co-Defendants' Motions**

The defendant has also indicated that he joins in the motions filed by the co-defendants in this case and seeks to obtain any benefits that may be applicable to him as a result of said motions. This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in their motion in which this defendant joins, shall also be deemed to be the finding and Order of this Court as to the defendant herein.

### 13. Defendant's "Audibility Hearing" Request

Counsel for the defendant and the government have advised the Court that the audiotapes or CDs that may be used at trial by the government have not been reviewed at this time for purposes of determining whether there are any actual audibility problems or issues with respect to such tapes or CDs. Therefore, the defendant's motion in this regard is DENIED without prejudice with the right to reapply for such relief after the tapes or CDs in question have been reviewed and it is determined that there is an audibility issue that needs to be resolved by this Court. As part of this process, counsel for the government is hereby directed to identify those tapes or CDs that the government plans on using at the trial of the defendant and to have transcripts of those tapes or CD recordings prepared. Once such transcripts have been prepared, counsel for the government shall supply copies of the designated tapes or CDs and respective transcripts to counsel for the defendant. Counsel for the defendant is hereby directed to review the aforesaid tapes or CDs and transcripts after receipt of same, and upon completion of such review, make known to counsel for the government those portions of the aforesaid tapes or CDs and transcripts that counsel for the defendant claims are inaudible or, in the alternative, inaccurately transcribed. Thereafter, counsel for the government and the defendant are directed to confer for the purpose of resolving any disputes that may exist as to audibility of the tapes or CDs in question and the correctness of the transcripts of such tapes or CDs. Should the attorneys be unable to resolve any such disputes that may exist, counsel for the defendant may file a motion

for an audibility hearing, which motion must be filed and served within ten days after the last conference between the attorneys seeking to resolve such issues.

### 14. Defendant's Request to Voir Dire Government Experts Outside the Presence of the Jury

The defendant requests an order pursuant to Rule 104 of the FRE permitting him to "*voir dire* any proposed government experts at trial outside the presence of the jury." This motion is premature and is best left for determination by the trial judge and therefore, said motion is DENIED with the right of the defendant to make it *de novo* at the trial before the trial judge pursuant to Rule 104(a) FRE.

### The Government's Request for Reciprocal Discovery

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**


DATED:	November 16, 2017
	Buffalo, New York



		*S/ H. Kenneth Schroder, Jr.*
		**H. KENNETH SCHROEDER, JR.
		United States Magistrate Judge**