UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

NATHANIEL MYERS,

                              Defendant.

Case # 18-CR-193-FPG

DECISION AND ORDER

UNITED STATES OF AMERICA,

v.

NATHANIEL MYERS,

                              Defendant.

Case # 15-CR-98-FPG

DECISION AND ORDER

## INTRODUCTION

There are currently two pending criminal actions against Defendant Nathaniel Myers, each involving a distinct drug conspiracy.[1]  Defendant has entered pleas of guilty in both cases, and sentencing is scheduled for June 18, 2020.  Currently before the Court are Defendant's motions for presentence release.  *See* 15-CR-98, ECF No. 646; 18-CR-193, ECF No. 76.  The government opposes the motions.  For the following reasons, Defendant's motions are DENIED.

---

[1] The case numbers are 15-CR-98 and 18-CR-193.

1

## BACKGROUND

On May 3, 2018, Defendant pleaded guilty to one count of drug conspiracy involving cocaine base, pursuant to 21 U.S.C. § 846.  15-CR-98, ECF Nos. 357, 359.  Based on the drug quantity to which he admitted, Defendant faces a mandatory minimum of ten years imprisonment. *See* 15-CR-98, ECF No. 359 at 1; 21 U.S.C. §§ 841(b)(1)(A)(iii), 846.  Before his plea, Defendant had been released with conditions, 15-CR-98, ECF No. 284, and the Court granted continued release after the plea hearing.  15-CR-98, ECF No. 357.

As Defendant would later admit, in August 2018, while still on release, he engaged in a second drug conspiracy involving butryl fentanyl.  18-CR-193, ECF No. 56 at 3.  The government thereafter brought new charges against Defendant.  Magistrate Judge Roemer ordered Defendant detained pending trial.  18-CR-193, ECF No. 8.  He found that Defendant presented a risk of danger to the community and was a flight risk.  *Id.* at 2.  Magistrate Judge Roemer noted that the weight of the evidence against Defendant was strong; he was subject to a lengthy period of incarceration if convicted; he committed the offense while released pending sentencing in his other case; and he admitted to being the leader of a drug gang.  *Id.* at 2-3.  On December 12, 2019, he pleaded guilty to one count of drug conspiracy in his second case.  18-CR-193, ECF Nos. 56, 57.

## DISCUSSION

In light of the ongoing COVID-19 Pandemic, Defendant requests that he be released pending sentencing.  The Court concludes that Defendant does not meet the requirements for release.

18 U.S.C. § 3143 governs release pending sentencing.  As is relevant here, § 3143(a)(2) mandates that a defendant be detained if he is found guilty of a drug offense "for which [the]

2

maximum term of imprisonment [is] ten years or more."[2]  18 U.S.C. § 3142(f)(1)(C); *see id.* § 3143(a)(2).  Both of Defendant's offenses meet that criterion.

To circumvent this bar, Defendant relies on § 3145(c), which provides an exception to mandatory detention: "A person . . . who meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  18 U.S.C. § 3145(c).  Under § 3143(a)(1), a "defendant must show, by clear and convincing evidence, that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released under appropriate conditions imposed by the Court."  *United States v. McDuffie*, No. 19-CR-212, 2020 WL 1659879, at *2 (S.D.N.Y. Apr. 3, 2020) (internal quotation marks, brackets, and citations omitted).

In other words, a defendant may obtain release under § 3145(c) if there is "(1) clear and convincing evidence that he is not a flight risk or a danger to others and (2) an exceptional reason why his detention is inappropriate."  *Id.*

In this case, Defendant cannot satisfy the first requirement.  It is undisputed that Defendant was involved in a second drug conspiracy while released pending sentencing on his first drug conspiracy.  *See* 18-CR-193, ECF No. 56 at 3.  In doing so, he violated his conditions of release. *See id.*; *see also* 15-CR-98, ECF No. 284 at 1.  The second drug conspiracy involved the distribution of butryl fentanyl, which, as Judge Roemer noted, is a "deadly drug."  18-CR-193, ECF No. 8 at 3.  And Defendant has admitted to being the leader of a drug gang.  15-CR-98, ECF No. 359 at 3.  These facts—all of which are undisputed—weigh heavily against any argument that Defendant is not a danger to the community.  *See, e.g.*, *United States v. Jones*, No. 19-CR-125,

---

[2] Section 3143(a)(2) identifies two exceptions to mandatory detention, neither of which apply here.

2020 WL 1934997, at *3 (S.D.N.Y. Apr. 22, 2020) (in assessing risk of danger, finding relevant the fact that defendant "committed the [charged] offense while on parole supervision"); *cf. United States v. Abuhamra*, 389 F.3d 309, 326 (2d Cir. 2004) ("[T]he fact that a person has been found . . . to have committed a criminal act certainly indicates dangerousness.").

Defendant responds that "he is not a genuine risk to commit more of the kinds of crimes he has engaged in before" because "his crimes have depended on him being at large outside his house and in the community." 18-CR-193, ECF No. 76 at 7. The travel and movement restrictions in place due to the pandemic "would make it [] much more difficult for any attempted similar activities to succeed." *Id.* In addition, Defendant argues that home confinement with electronic monitoring would be sufficient to alleviate any risk. *See id.*

The Court is not persuaded. The pandemic restrictions do not prevent movement outside one's home and, regardless, they largely depend on personal compliance rather than active enforcement. Similarly, while electronic monitoring and the like can provide some measure of oversight to ensure that a defendant complies with release conditions, it is well established that "home detention and electronic monitoring may be insufficient to protect the community against dangerous individuals." *United States v. Cantarella*, No. CR02-0307, 2002 WL 31946862, at *3 (E.D.N.Y. Nov. 26, 2002) (collecting cases). This is because "[h]ome detention and electronic monitoring at best elaborately replicate a detention facility without the confidence of security such a facility instills. If the government does not provide staff to monitor compliance extensively, protection of the community would be left largely to the word of [the defendant] that [he] will obey the conditions." *United States v. Millan*, 4 F.3d 1038, 1049 (2d Cir. 1993) (internal quotation marks and citations omitted).

In this case, Defendant has already proven himself unable to desist from criminal activity or abide by conditions of release. Thus, the Court remains unconvinced that the current stay-at-home order or his proposed release conditions would reduce the risk that he poses to others.

In sum, the Court cannot conclude, by clear and convincing evidence, that Defendant does not pose a risk of danger to the community. 18 U.S.C. § 3143(a)(1). Because that requirement is not satisfied, Defendant cannot obtain release pending sentencing under the § 3145(c) exception.

## CONCLUSION

For the foregoing reasons, Defendant's Motions for Release Pending Sentencing (15-CR-98, ECF No. 646; 18-CR-193, ECF No. 76) are DENIED.

IT IS SO ORDERED.

Dated: May 20, 2020
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court